IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | 3:14-CV-00977-JO |
| | ) | 3:08-CR-00140-JO |
| v. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| FRANKIE GENTRY, | ) | |
| | ) | |
| Defendant-Petitioner | ) | |

JONES, District Judge

Frankie Gentry, acting pro se, moves the court pursuant to 28 U.S.C. § 2255, to set aside the career offender enhancement from the calculation of his sentence. [Doc # 20]   He relies on the recent decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013), and contends his underlying Burglary I conviction was not a crime of violence as contemplated by U.S.S.G. § 4B1.1.  I DENY Gentry's motion for the following reasons.

## BACKGROUND

On August 21, 2008, Gentry was convicted after pleading guilty to one count of bank robbery under 18 U.S.C. § 2113(a).  Gentry had two previous felony convictions for crimes of violence, making him subject to the upward departure for career offenders under U.S.S.G. § 4B1.1.  I imposed the maximum sentence provided in the plea agreement, 15 years.  In the plea agreement, Gentry waived his right to appeal any aspect of the conviction and sentence on any grounds.  In addition, he waived his right to file a

collateral attack under 28 U.S.C. § 2255.  [Doc. # 18 at 11-12]  At sentencing, Gentry did

not object to the career offender enhancement based on his Burglary I conviction.  He

filed this motion on June 16, 2014.

## LEGAL STANDARD

A federal prisoner in custody may challenge his detention on the grounds that the

sentence imposed violated the Constitution or laws of the United States.  The challenge

must be filed with the sentencing court within one year of his conviction.  28 U.S.C.

§2255(f)(1).  Alternatively, a prisoner may file such a claim within one year after the

Supreme Court recognizes a new right. 28 U.S.C. § 2255(f)(3).

## DISCUSSION

I.  **Gentry Waived His Right to Seek Collateral Review**

Gentry's present motion is a collateral attack of his sentence under 28 U.S.C. §

2255.  Paragraph 11 of Gentry's Plea Agreement states:

> Waiver of Appeal/Post-Conviction Relief.  Defendant also waives the
> right to file any collateral attack, including a motion under 28 U.S.C. §
> 2255, challenging any aspect of the conviction or sentence on any
> grounds, except on grounds of ineffective assistance of counsel, and
> except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

[Doc. # 18 at 11-12]

Gentry does not assert ineffective assistance of counsel or any claim based on

Rule 33 or section 3582(c)(2).  Accordingly, his present motion falls squarely within his

express waiver of the right to seek post-conviction relief.  A plea agreement may waive a

defendant's right to bring a 2255 motion if it does so expressly.  *See Lemke v. Ryan*, 719

F.3d 1093, 1096 (9th Cir. 2013); *U.S. v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993);

*United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990) (waiver of direct

appeal). I deny Gentry's motion to recalculate his sentence because he expressly waived his right to seek relief under section 2255.

II.    **Gentry's Motion is Untimely**

Independent of Gentry's waiver, his motion is untimely under section 2255(f), which provides a one-year period of limitation for filing a 2255 motion. Generally, the limitation period runs from the date on which the judgment of conviction became final. 28 U.S.C. § 2255(f)(1). Gentry's conviction became final in 2008 and he filed his motion in 2014, well after the period of limitation expired.

Gentry argues the one-year limitation period does not bar his motion because the period did not start until the Supreme Court's 2013 decision in *Descamps*. His argument seeks refuge in section 2255(f)(3), which provides that the one-year period of limitation runs from:

> the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review

28 U.S.C. § 2255(f)(3).

This provision ensures the Government does not punish a prisoner for failing to challenge his conviction or sentence based on rights no one knew existed at the time. Thus, Gentry's timeliness argument requires that in *Descamps* the Supreme Court recognized a new right and made the new right retroactively applicable to cases on collateral review. The Court did neither.

In *Descamps*, a criminal defendant challenged his sentence enhancement predicated on a prior California burglary conviction. On appeal, the Supreme Court found that his prior conviction was erroneously classified as a violent felony, because the

California burglary statute defined burglary more broadly than the generic offense. 133 S. Ct. at 2285-86. In doing so, the Court reaffirmed long established principles that are applied in comparing elements of a statutory crime to the elements of the generic offense for sentencing purposes. *Descamps*, 133 S. Ct. at 2282. "A case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 489 U.S. 288, 301 (1989). Far from creating a new constitutional right, the Court in *Descamps* simply applied existing doctrine from a line of cases including *Taylor v. United States*, 495 U.S. 575 (1990), *Shepard v. United States*, 544 U.S. 13 (2005), *Nijhawan v. Holder*, 557 U.S. 29 (2009), and *Johnson v. United States*, 559 U.S. 133 (2010).

Finally, even if the Court had announced a new rule in *Descamps*, it did not make it retroactively applicable to Gentry's case. A new constitutional rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive. *Tyler v. Cain*, 533 U.S. 656, 663 (2001). The Supreme Court decided *Descamps* on direct appeal rather than collateral review and did not declare that it applied retroactively to cases on collateral review.

## CONCLUSION

For the foregoing reasons, Gentry's motion [# 20] is DENIED.

IT IS SO ORDERED.

DATED this ___7ᵗ___ day of November, 2014.

Robert E. Jones, Senior Judge
United States District Court