IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:08-cr-00140-JO |
| | ) | |
| v. | ) | |
| | ) | |
| FRANKIE V. GENTRY, | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| Defendant. | ) | |

JONES, J.

Defendant Frankie V. Gentry (Gentry) moves to reduce his sentence under 18 U.S.C. §

3582(c)(1)(A)(i).  ECF No. 34, amended No. 47.  Gentry, currently incarcerated at FCI Terre

Haute, has a projected release date of December 20, 2021.  He requests that his sentence be

reduced to time served.  He claims that his medical conditions (hyperlipidemia, unresolved

dental issues, cervical spine degeneration, chronic viral hepatitis C, and anxiety disorder) in light

of the COVID-19 pandemic, provide extraordinary and compelling reasons for compassionate

1    Opinion and Order

release. The government opposes his motion. For the reasons that follow, I DENY Gentry's

motion for compassionate release.

## BACKGROUND

Gentry pleaded guilty to bank robbery. ECF Nos. 15, 16. He has served approximately

90 percent of his 180-month federal sentence. He is serving a concurrent Oregon state sentence

for first degree robbery. His Oregon detainer reflects a "Maximum Date" of August 25, 2023.

ECF No. 47 at 2. The government concedes that Gentry has exhausted his administrative

remedies. ECF No. 48 at 2. He has been fully vaccinated against COVID-19. ECF No. 47 at

10.

## DISCUSSION

Compassionate release is a statutory exception to the rule that a court may not modify a

term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c); *see Dillon v. United

States*, 560 U.S. 817, 824-25 (2010). A court may reduce a defendant's sentence if

"extraordinary and compelling reasons warrant such a reduction; . . . and . . . such a reduction is

consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18

U.S.C. § 3582(c)(1)(A)(i). Congress did not define "extraordinary and compelling" other than

providing that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t). The

Sentencing Commission's policy statement identifies categories of extraordinary and compelling

reasons, including the defendant's age, medical condition, and family circumstances. U.S.S.G. §

1B1.13 app. n.1(A)-(C). And although the policy statement applies only to motions filed by the

Bureau of Prison's director and not those filed by a defendant, it "may inform a district court's

discretion for §3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda,* 993 F.3d

797, 802 (9th Cir. 2021) (per curiam).

Gentry's concern about his potential exposure to COVID-19, a virus that thrives in crowded, confined spaces, is understandable. But Gentry is 44 years old, and his medical conditions have not resulted in complicated medical issues. None of Gentry's medical issues make him more likely to get severely ill if he were to contract COVID-19. People with Certain Medical Conditions, *https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html* (last visited Oct. 1, 2021). According to his prison medical record, his anxiety disorder, chronic hepatitis C, and degenerative disc issues have been resolved or are in remission. ECF No. 47 at 70. While he has hyperlipidemia (high cholesterol), there is no indication Gentry has any heart condition. His blood pressure is normal, and he is receiving a statin for his hyperlipidemia. ECF No. 47 at 50. Undoubtedly, his untreated dental condition causes pain, but Gentry's dental ailment does not make him more susceptible to COVID-19. And the prison is aware of his dental condition; he is scheduled for x-rays, evaluation, and probable extraction of his broken tooth. Gentry does not have serious physical or medical conditions that "diminish [his ability] to provide self-care . . . and from which he . . . is not expected to recover." U.S.S.G. 1B1.13(1)(A)(ii).

More importantly, Gentry has been thoroughly vaccinated. Although vaccines are not one hundred percent effective, the CDC states that "COVID 19-vaccines are effective. They can keep you from getting and spreading the virus that causes COVID-19." *Benefits of Getting a COVID-19 Vaccine, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html* (last visited Oct. 1, 2021). "Vaccines continue to be highly effective to at preventing hospitalization and death, including against [the delta] variant." *Id.* Gentry is housed at FCI Terre Haute, which currently has four inmates and seven staff infected with COVID-19 out of a prison population of 1274 (FCI and prison camp populations combined). *COVID-19 Cases,*

3   Opinion and Order

Bureau of Prisons, *https://www.bop.gov/coronavirus/* (last updated Oct. 1, 2021). The Ninth

Circuit has ruled that pre-existing medical conditions that add an increased risk of complications

from COVID-19 do not necessarily present "extraordinary and compelling" circumstances

warranting compassionate release, even when a defendant is housed in a facility where inmates

have tested positive for COVID-19. *See United States v. Higgins*, 849 F.App'x 215 (9th Cir.

2021); *United States v. Dixon*, 848 F. App'x 332 (9th Cir. 2021); *United States v. Alvarado*, 841

F. App'x 31 (9th Cir. 2021). It appears the vast majority of inmates at the FCI Terre Haute have

been fully vaccinated. *COVID-19 Vaccination Implementation*, Bureau of Prisons,

*https://www.bop.gov/coronavirus/* (last updated Oct. 1, 2021) (showing 1243 inmates

vaccinated.) The Court finds that the circumstances Gentry describes do not present an

extraordinary and compelling reason to reduce his sentence to time served.

In addition, Gentry's release would undermine the sentencing factors listed in 18 U.S.C.

§ 3553(a). Gentry is a career criminal. Presentence Report, ECF No. 47 at 18. The nature of his

underlying offense is significant. Gentry was charged with six bank robberies or attempted

robberies, and at one of the robberies, he threatened to shoot a teller. *Id.* at 18-19. He pleaded

guilty to a single bank robbery and was sentenced to 180 months in prions. *Id.* at 18. Gentry has

prior convictions for burglary, robbery, and assault. *Id.* at 20. While incarcerated, he has

accrued several disciplinary write-ups, the most recent involving a fight with another inmate in

2019. *Id.* at 101-106. The 180-month sentence ordered by the Court was necessary to reflect

the seriousness of the offense, promote respect for the law, deter criminal conduct, and to protect

the public. In addition, because Gentry is subject to a state detainer, his release would result in

him being removed from a federal facility to a state facility. There is no guarantee that the latter

would be a safer environment.

## CONCLUSION

Gentry has not demonstrated that his underlying conditions—in combination with the possibility of a COVID-19 infection—provide extraordinary and compelling reasons to grant his motion for compassionate release. A reduction in Gentry's sentence is not warranted after considering the sentencing factors under U.S.S.G §3553(a).

Gentry's Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(1) (ECF No. 34, amended No. 47) is DENIED.

IT IS SO ORDERED.

Dated the ___ l⸱⟨ ___ of October, 2021.

Robert E. Jones
Senior United States District Judge